UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60039-CR-SINGHAL

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

SHANTERIA BARNES,

        Defendant.
                                        /

## PROTECTIVE ORDER REGULATING DISCLOSURE OF
## VICTIM INFORMATION AND PERSONAL IDENTIFYING INFORMATION

THIS CAUSE is before the Court on the Government's Unopposed Motion for Entry of a Protective Order Regulating Disclosure of Victim Information and Personal Identifying Information. (ECF No. 12) Being fully advised, it is hereby

ORDERED and ADJUDGED that the Government's unopposed motion for entry of a protective order is GRANTED as follows:

1. The United States is authorized to disclose the sensitive information for which the United States believes is necessary to comply with the discovery obligations imposed by this Court.

2. Pursuant to 18 U.S.C. § 3509(d)(3), 18 U.S.C. § 3771(a)(8), 18 U.S.C. § 3509(m), and Fed. R. Crim. P. 16, the following restrictions shall govern the disclosure of the sensitive information in this case:

    (a) Counsel for the United States and for the defendant, employees of the United States and of defense counsel, and expert witnesses retained by the parties may

    possess the sensitive information. However, they shall not provide the sensitive information to any person except as specified in the Court's order or by prior approval of the Court.

(b) Counsel for the defendant agrees to maintain and hold the sensitive information in the strictest confidence and to disclose it only to the defendant, defense employees, and expert witnesses as necessary to prepare the case. In making such disclosures, counsel for the defendant agrees that he/she shall advise any person to whom this information is disclosed that such information shall be held in strict confidence and shall not be further disseminated.

c) Counsel for the defendant shall ensure that the defendant and any third party that obtains access to the material responsive to the standing discovery order is provided a copy of the Court's order. No third party that obtains access to or possession of the material responsive to the standing discovery order shall retain such access or possession unless authorized by the Court's order. Any third party that obtains access to or possession of the material responsive to the standing discovery order shall promptly destroy or return the materials once the third party no longer requires access to or possession of the material responsive to the standing discovery order to assist in the preparation of the case.

(d) Upon entry of final order of the Court in this matter and conclusion of any direct appeals, counsel for the Government and the defendant shall destroy or cause to be destroyed all copies of the sensitive information, except that they may maintain copies in their closed case files following their ordinary procedures.

e) Counsel for the United States and the defendant shall refer to the victims in this case only by the designation "MINOR VICTIM" in any public filing, at trial, and during any pre-trial and post-trial court proceedings. Should either party need to file something with the Court that would have the effect of identifying the victim, or that discusses any sensitive matters that would impact the victim's dignity or privacy, such filing shall be submitted to the Court under seal; and

(f) Counsel for the Government and for the Defendant shall promptly report any known violations of the Court's order to the Court.

DONE and ORDERED at Fort Lauderdale this 8th day of February, 2021.

*Lurana S. Snow*
LURANA S. SNOW
UNITED STATES DISTRICT JUDGE

Copies to:

All Counsel of Record

3