UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-60039-SINGHAL(s)

UNITED STATES OF AMERICA

v.

SHANTERIA BARNES,

       **Defendant.**

_____/

## FACTUAL PROFFER

The United States of America and the Defendant, **Shanteria Barnes ("BARNES")**, through counsel, hereby stipulate and agree that had this case gone to trial, the United States would have proven the following facts, among others, beyond a reasonable doubt:

From in or around July 2020, through in or around August 2020, in Broward County, BARNES and co-defendant Cleon Kirlew ("Kirlew") did knowingly and willfully combine, conspire, confederate, and agree with each other to, and actually did, knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, maintain, and solicit Minor Victim 1, knowing and in reckless disregard of the fact, and having had a reasonable opportunity to observe Minor Victim 1, that Minor Victim 1 had not attained the age of 18 years and would be caused to engage in a commercial sex act in Broward County, Florida.

    I.    **Minor Victim 1**

On or about August 12, 2020, members of the Child Exploitation and Human Trafficking Task Force ("CEHTTF") responded to a hospital located in Tamarac, for the recovery of an 11-year-old female ("Minor Victim 1"), who was reported missing to law enforcement by her family.

Minor Victim 1 stated that she met an individual by the name of "Nick" who she engaged

in sexual activity with. "Nick" told Minor Victim 1 that he could introduce her to "Pumpkin," who was someone that could help Minor Victim 1 make "a lot" of money. "Pumpkin" was later identified by law enforcement as BARNES.

On or about August 1, 2020, "Nick" took Minor Victim 1 to meet "Moe", later identified by law enforcement as Kirlew. "Nick" and Kirlew then took Minor Victim 1 to a Days Inn hotel located in Oakland Park, Florida ("Oakland Days Inn"), whereupon Kirlew rented a hotel room.

Minor Victim 1 stayed at the Oakland Days Inn for three nights with Kirlew, during which, Minor Victim 1 engaged in sex with Kirlew. While staying with Kirlew at the Oakland Days Inn, Kirlew called BARNES and told her to come to the Oakland Days Inn so that she could meet Minor Victim 1. Kirlew is BARNES' ex-boyfriend and would frequently call BARNES asking BARNES to bring Kirlew females for the purpose of engaging in commercial sex acts.

When BARNES arrived at the Oakland Days Inn, Minor Victim 1 was in Kirlew's bed and had just had sex with Kirlew. At the time, BARNES was accompanied by two minor females, later identified as Minor Victim 2 and Minor 3. Minor Victim 2 and Minor 3 did Minor Victim 1's hair, which Kirlew paid Minor 3 $120 for.

Kirlew introduced BARNES to Minor Victim 1. BARNES informed Minor Victim 1 that she was known as "Pumpkin", and asked Minor Victim 1 to dance for her to see if Minor Victim 1 knew how to. When Minor Victim 1 was able to dance and do a split, BARNES was impressed and told Minor Victim 1 that she would pay her $60 to strip at BARNES' aunt's birthday. BARNES also told Minor Victim 1, "oh bitch, I got money cause I fuck," and showed Minor Victim 1 videos and pictures of people with wads of cash in order to show Minor Victim 1 how much money she could make engaging in commercial sex acts.

BARNES would arrange "dates" for both herself and Minor Victim 1 to engage in

commercial sex. BARNES had the "dates" come to BARNES' house so that she could discuss the terms of the "date." On one occasion, BARNES instructed the men which hotel they would be meeting at, told them whether Minor Victim 1 would be stripping for them, and how much it would cost. When the men would arrive at BARNES' house for the "date," BARNES would drive Minor Victim 1 in a two-door silver vehicle, with the men following behind in their own vehicle, to the nearby Travelodge Hotel located in Pompano Beach ("Travelodge") for the "date." The men would be the one to rent the hotel rooms. At times, both BARNES and Minor Victim 1 would be in separate rooms on "dates," while other times, BARNES and Minor Victim 1 would share a room during the "dates."

On these "dates," BARNES told Minor Victim 1 not to accept anything less than $40 to engage in sexual activities. Minor Victim 1 stated that for $30, she would strip for the "dates," and starting at $40, she would have sex with the men.

While Minor Victim 1 was with BARNES, Minor Victim 1 engaged in sexual acts for money, for approximately four days and made approximately $150 per day. Minor Victim 1 engaged in at least 14 "dates" at the direction and arrangement of BARNES.

When Minor Victim 1 and BARNES were having "dates" for commercial sex, "Nick" and Kirlew would be waiting for BARNES and Minor Victim 1 to finish the "dates," and then they would all meet up.

BARNES knew Minor Victim 1 was under the age of 14 years and told Minor Victim 1 that she could not be seen in public because Minor Victim 1 had been reported missing by her family. Kirlew was also aware that the victim was a minor.

II. <u>Minor Victim 2</u>

A 15-year-old female ("Minor Victim 2") met BARNES while Minor Victim 2 was at a

group home in Pompano Beach, and walking to the nearby corner store. Minor Victim 2 knew BARNES as "Pumpkin." While Minor Victim 2 and BARNES started spending time together, BARNES began bringing older men – believed to be in their forties – to BARNES' residence for "dates." Minor Victim 2 would go into the other room while BARNES was on a "date," and when Minor Victim 2 would close the door as she left the bedroom, BARNES insisted on keeping the door open so she could see Minor Victim 2 in the event that Minor Victim 2 would try to leave BARNES' residence.

On one occasion, BARNES asked Minor Victim 2, and Minor Victim 2's 17-year-old friend ("Minor 3") from the same group home, if they wanted to make $150 doing Minor Victim 1's hair at a room in a hotel in Broward County. BARNES drove Minor Victim 2 and Minor 3 to the hotel in BARNES' two-door Toyota. While driving to the Oakland Days Inn, BARNES told Minor Victim 2 and Minor 3 not to braid Minor Victim 1's hair too long because "she's not old enough for that."

BARNES was present with Minor Victim 2 multiple times while BARNES would be communicating with a man on her cellular telephone, via a call or text message, and would ask Minor Victim 2 if she wanted to make money. When Minor Victim 2 inquired as to how, BARNES told Minor Victim 2, "making love." When Minor Victim 2 was reluctant, BARNES replied, "you're gonna be broke forever."

On other occasions, BARNES would be speaking to a man in his vehicle in her driveway in front of BARNES' residence, and would come back inside asking Minor Victim 2 if she wanted to make money. Minor Victim 2 again said "no." Sometimes, BARNES would tell Minor Victim 2 that there is a man that wants to meet Minor Victim 2, and knows what Minor Victim 2 looks like. BARNES would tell Minor Victim 2, "you're gonna be broke forever", if Minor Victim 2 did

4

not want to engage in commercial sex acts with these men.

BARNES knew Minor Victim 2's real age and was aware that Minor Victim 2 ran away from a group home.

Minor Victim 2 resided with BARNES for a few days towards the end of July 2020. During this time, BARNES posted online advertisements for commercial sex acts along with Minor Victim 2. BARNES and Minor Victim 2 also repeatedly brought men to the house to engage in commercial sex acts. Every time Minor Victim 2 would leave the residence after being set up with a "date" by BARNES, but would return without money for BARNES, BARNES would tell Minor Victim 2 that she was "bad business."

### III. BARNES' Arrest

On or about December 21, 2020, BARNES was arrested. BARNES was interviewed on audio and video recording, read her *Miranda* rights, and agreed to speak with law enforcement. The following statements made by BARNES were truthful and correct. BARNES advised that she met Minor Victim 1 through her ex-boyfriend, Kirlew. Kirlew called BARNES and asked her to come to the Oakland Days Inn to help with Minor Victim 1's hair. When BARNES arrived, Minor Victim 1 was naked, and had just had sex with Kirlew. BARNES believed that Minor Victim 1 was either 12 or 13 years old.

BARNES met Minor Victim 2 while she was at a group home that BARNES lived next to. BARNES believed Minor Victim 2 was 14 or 15 years old. Minor Victim 2 lived with BARNES temporarily. During this time, Minor Victim 2 had customers for commercial sex acts come to BARNES' residence for the purpose of engaging in commercial sex acts with Minor Victim 2.

### IV. Social Media Accounts

Although not exhaustive, BARNES' Facebook account revealed multiple audio recordings sent from BARNES to Minor Victim 2, telling Minor Victim 2 that BARNES "put [Minor Victim 2's] young ass on the line telling [a customer] that [Minor Victim 2] [is] 20...."

While residing with BARNES, Minor Victim 2 installed a Skout Account, commonly used to advertise commercial sex acts and communicate with potential commercial sex act customers, which contained multiple photographs of both BARNES and Minor Victim 2.

An online advertisement for commercial sex acts was posted on or about July 26, 2020, on a popular website often utilized to advertise for commercial sex acts. This advertisement was posted on the website from the IP Address associated with BARNES' residence. The email address associated with the advertisement is the last name and first initial of Minor Victim 2. The advertisement was of Minor Victim 2.

The parties agree that these facts, which do not include all facts known to the government and the defendant, are sufficient to prove that the defendant violated Title 18, United States Code, Sections 1594(c), and 1591(a)(1), (b)(1), (c) and (2).

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY

Date: _____    By: /s/ Brooke Elise Latta
                              BROOKE ELISE LATTA
                              ASSISANT UNITED STATES ATTORNEY

Date: 9/13/21            By: _____
                              MANUEL GONZALEZ, JR.
                              COUNSEL FOR DEFENDANT

Date: 9/13/21            By: _____
                              SHANTERIA BARNES
                              DEFENDANT