UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CR-60039-AHS

UNITED STATES OF AMERICA

vs.

SHANTERIA BARNES,

          **Defendant.**
_____/

**UNITED STATES' RESPONSE TO DEFENDANT BARNES' OBJECTIONS TO THE PRESENTENCE INVESTIGATION REPORT**

    The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this Response to Defendant Barnes' ("BARNES") Objections to the Presentence Investigation Report (hereinafter, "PSI") (DE:65).

1. **BARNES' Objection to Paragraphs 65 and 74: Two-Level Enhancement Pursuant to § 2G2.1(b)**

    BARNES objects to Paragraphs 65 and 74, which provides for a two-level enhancement pursuant to § 2G2.1(b), finding that she was a "parent, relative, or legal guardian of the minor involved in the offense, or the minor was otherwise in the custody, care, of supervisory control of the Defendant" (DE:65 at 2).

    A defendant is subject to a two-level enhancement to her base offense level under U.S.S.G. § 2G2.1(b)(5) in either of two situations. First, if the defendant "was a parent, relative, or legal guardian of the minor involved in the offense." U.S.S.G. § 2G2.1(b)(5). Or second, "if the minor was otherwise in the custody, care, or supervisory control of the defendant." *Id.* The commentary explains that this two-level enhancement is "intended to have broad application and includes offenses involving a minor entrusted to the defendant, whether temporarily or permanently." *Id.* §

1

2G2.1 cmt. n.5(A). "For example, teachers, day care providers, baby-sitters, or other temporary caretakers are among those who would be subject" to the increase. *Id.* In deciding whether a defendant qualifies, we are advised to "look to the actual relationship that existed between the defendant and the minor and not simply to the legal status" of that relationship. *Id.*

The instruction in the commentary that courts should apply § 2G2.1(b)(5) broadly and functionally guides our analysis. *See* U.S.S.G. § 2G2.1 cmt. n.5(A). The language of the commentary is broadly inclusive, stating that the enhancement "includes offenses involving a minor entrusted to the defendant." *Id.* (emphasis added); *see id.* § 1B1.1 cmt. n.2 ("The term 'includes' is not exhaustive."); *United States v. Newman*, 614 F.3d 1232, 1236–37 (11th Cir. 2010) ("Because the term 'includes' is not exhaustive, the definition of [another guideline provision] is not limited to the examples set out in the guidelines."). The commentary lists examples of who would fall within the scope of those having "custody, care, or supervisory control" over a minor, but it specifies that the examples are only "among those who would be subject to this enhancement." U.S.S.G. § 2G2.1 cmt. n.5(A) (emphasis added).

And the commentary twice notes that the § 2G2.1(b)(5) enhancement can apply to defendants entrusted with the victim only *temporarily*, meaning there is no requirement that the defendant and the victim have a long-term relationship. *See id.* Finally, the commentary instructs courts to consider the "actual relationship" instead of just the "legal status" between the defendant and the victim, which requires a functional approach instead of a formalistic one. *See id.*

As applied here, under the plain meaning of being in someone's "care," the victim was "in the care of" BARNES and her co-defendant, Cleon Kirlew ("Kirlew"), when she was sexually abused. When Victim 1 encountered BARNES and Kirlew, she was a runaway from a juvenile program. BARNES and Kirlew provided shelter for Victim 1, to include a place to sleep.

2

Specifically, Victim 1 slept and stayed with Kirlew at a hotel for days. BARNES and Kirlew were looking after the minor, who was 11 years old. During this time, Victim 1 had neither a cell phone, vehicle, a driver's license, or money. While Victim 1 was alone with BARNES and her co-defendant, the defendants were the adults responsible for looking after the Victim 1's wellbeing. She was in their care.

With respect to Victim 2, BARNES knew that Victim 2 was previously living at a juvenile group home prior to Victim 2 leaving the group home. Further, Victim 2 resides with BARNES at BARNES' residence for days, during which Victim 2 was engaging in commercial sex acts. Similarly with Victim 1, Victim 2 was in BARNES' care.

Another similarity to a temporary caretaker was that BARNES had a broadly comparable degree of authority over Victim 1 and Victim 2. *Cf. United States v. Murrell*, 368 F.3d 1283, 1289–90 (11th Cir. 2004) (interpreting "custody, care, or supervisory control" as used in U.S.S.G. § 2G1.1 cmt. n.8 and holding that it applied to someone who "exercised such authority" over the minor as to "direct or command [her] actions"). BARNES' 19-year age difference over Victim 1, and 15-year age difference over Victim 2, and having established herself as a provider for Victim 1 and Victim 2, are facts that show BARNES had authority over Victim 1 and Victim 2 while she was alone with them. *See Alfaro*, 555 F.3d at 500 ("[T]his Court concludes that the 20-year age difference between [the defendant] and his teenage minor victim ... mitigates against a finding that the two were 'peers.' "); *see also United States v. Blackbird*, 949 F.3d 530, 532 n.2 (10th Cir. 2020) ("While age is not dispositive, we consider it a relevant factor in determining whether a minor is in defendant's custody, care, or supervisory control.") (interpreting "custody, care, or supervisory control" as used in U.S.S.G. § 2A3.2(b)(1)); *Gonyer*, 761 F.3d at

170 (affirming enhancement and noting that one of the reasons the district court applied the enhancement was "the stark 26-year age difference" between the defendant and victim).

Lastly, BARNES stipulated in her factual proffer that she arranged "dates" for Victim 1, drove Minor Victim 1 to hotels for the purpose of "dates", and instructed Victim 1 as to how much money to charge for a "date". This further extends to Victim 1's compliance in performing commercial sex acts at BARNES' request. That shows BARNES' authority. *Cf. Murrell*, 368 F.3d at 1290 (undercover agent had "custody, care, or supervisory control" over fictitious minor daughter when he "was in a position to direct or command the actions of the" fictitious daughter) (emphasis added).

## 2. BARNES' Objection to Paragraphs 67 and 76: Two-Level Enhancement Pursuant to § 2G1.3(b)(3)(A)

BARNES objects to being assessed two-levels pursuant to U.S.S.G. § 2G1.3(b)(2)(B) arguing that her offense did not involve the use of a computer. BARNES argues that the enhancement should not apply to her because BARNES did not use a computer to communicate directly with a minor or with a person who exercised custody, care or supervisory control of the minor. Pursuant to U.S.S.G. ' 2G1.3(b)(3)(B), a defendant's offense level is increased by two levels "[i]f the offense involved the use of a computer or an interactive computer service to ... entice, encourage, offer or solicit a person to engage in prohibited sexual contact with a minor." This enhancement "is intended to apply only to the use of a computer or an interactive computer service to communicate directly with a minor or with a person who exercises custody, care, or supervisory control of the minor." U.S.S.G. § 2G1.3 cmt. n. 4.FN4.

A computer is defined at 18 U.S.C. § 1030(e)(1) as "an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or

4

storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or similar device."

In this case, BARNES' cell phone falls within the definition of a computer. First, BARNES used her cell phone to communicate with co-defendant Kirlew, regarding Victim 1. BARNES also utilized her cell phone to show Victim 1 videos and photographs of images of individuals with "wads of cash", advising Victim 1 that she could make a significant amount of money engaging in commercial sex acts.

Further, BARNES used her cell phone to communicate with the potential customers. The evidence will demonstrate that customers would either call or send a text message to BARNES' cell phone to arrange the "date". The text message evidence clearly established that BARNES, who was supervising and controlling the Victim 1 and Victim 2, used the cell phone to communicate directly with customers to arrange prostitution "dates". In the case of *United States v. Carmona*, the Eleventh Circuit found that the enhancement for use of a computer applied in a case where the evidence established that the defendant used his cell phone to post ads for a minor's prostitution services and to communicate with clients. *U.S. v. Carmona*, 377 Fed. Appx. 249, 2010 WL 1677237 (C.A.3 (N.J.). In *Carmona*, the Court explained, "Although the commentary to U.S.S.G. § 2G1.3 suggests that the enhancement 'is intended to apply only to the use of a computer or interactive computer service to communicate directly with a minor or guardian, comment. (n.4), we have held that this commentary is patently inconsistent with the plain language of the guideline and that the guideline's plain language controls. *See United States v. Hill*, 783 F.3d 842, 846 (11th Cir.2015). In *Hill*, we affirmed the application of the enhancement to a defendant's use of a cell phone to place online ads offering minors for sex. *Id.* at 845–46." *Id.*

In the present case, the evidence supports the enhancement because the cell phone was the mechanism that BARNES used to solicit customers, was further used by the customers to communicate with BARNES in order to arrange commercial sex acts, and was used by BARNES to communicate about Victim 1 with co-defendant Kirlew.

### 3. BARNES' Request for a Downward Variance

BARNES lastly urges this court for a downward variance. The government would reserve arguments for sentencing.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

By:  *Brooke Elise Latta*
Brooke Elise Latta
Assistant United States Attorney
Florida Bar No. 105315
500 East Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33301